KOLBERG *v.* THE CENTRAL FRUIT & GROCERY CO.

(Decided September 24, 1930.)

*Messrs. Reed & Beach* and *Mr. Van C. Cook,* for plaintiff in error.

*Mr. W. H. Gifford,* for defendant in error.

SHERICK, J.   This action was commenced by the defendant in error the Central Fruit & Grocery Company, in the municipal court of the city of Mansfield, and was for damages against the plaintiff in error, A. O. Kolberg, in the loading of a car of vegetables in Texas for shipment to the company at Mansfield, Ohio.

The company secured a judgment in that court, without the intervention of a jury, from which error was prosecuted to the court of common pleas of Richland county, Ohio. That court affirmed the judgment.   Error is now prosecuted in this court seeking a reversal of the judgment on the sole ground that the judgment is contrary to the law and the evidence.

On March 7, 1928, the company purchased through a broker a car of mixed vegetables.   This order was accepted by Kolberg on March 9, and the car was loaded by the shipper and consigned f. o. b. shipping point, terms, draft, and bill of lading attached. The car reached its destination at Mansfield on the 16th of March.   A delivery order in lieu of the bill of lading and an invoice had been previously received by the company from Kolberg.   Thereupon the company paid the invoice, amounting to $450.66, and the freight charges amounting to $459.77, and obtained possession of the car.   An inspection was made of the produce on the same day, and it was ascertained that the vegetables were badly damaged by overheating, due to an improper ventilation and overloading.

It appears that the bulk of the order was cabbages, with which the car was to be filled after certain other vegetables of specified quantities were loaded. There was no specified quantity of cabbage ordered other than that the balance of the car was to be bulk cabbage.

It appears that the car was partially loaded at two Texas points, that the cabbage was loaded before all of the other vegetables were loaded, and that, when the specified orders were carred, the car was loaded nearly to the roof, beyond its capacity, and with no ventilation possible. It is further proved that it is customary to load cabbage with a rick underneath for the purpose of proper ventilation, so that it will not heat, and that this was not done by the shipper, Kolberg.

On March 17, the company by letter notified Kolberg that it had begun attachment proceeding against him, and had attached the proceeds of the draft in a Mansfield bank; and that the car of produce had arrived in bad condition.

On Monday, March 19, the company sold the vegetables for the best price obtainable; and in this action it sought recovery of the amount of the invoice and freight charges by it paid, less the amount received from sale of the produce, which amounted to the sum of $513.26, for which amount judgment was entered.

It is strenuously insisted that the petition sounds in negligence and not on breach of warranty. It is not averred, though it is proven, that notice was given by the company to Kolberg of the condition of the contents of the car. It is, however, alleged in the petition that all of the produce was to be in

first or No. 1 marketable condition. The order does not so state, and, if this averment is a fact, or a legal sequence from the facts, it must amount to an implied warranty that the commodities tendered by the seller in pursuance of the order and its acceptance should be reasonably merchantable.

The answer filed in the case, after certain admissions are made, is a general denial; yet the case seems to have been tried upon the plaintiff's theory, and defended upon another ground, in that it is urged that the petition does not plead notice by the company to Kolberg, which the defendant Kolberg proved by the introduction of the notice letter (Defendant's Exhibit L), and his reply thereto, and in that an implied warranty does not survive acceptance by the consignee and retention after knowledge of the condition of the goods, the shipper not being notified thereof.

The company offers as its authority, upon which it chooses to stand, a prior decision of the old Circuit Court of this appellate district, *Fruit Dispatch Co.* v. *Sturges,* which is reported in 18 C. D., 65, 7 C. C. (N. S.), 445, affirmed by Supreme Court, 73 Ohio St., 351, 78 N. E., 1125. We have no fault to find with the reason of that case, but note that the shipper therein is suing for the contract price, which the consignee refuses to pay, or to receive the goods, due to spoliation from improper loading by the shipper. The facts are not similar to those of the case at bar, but are in point, in that the shipper failed to car the goods properly, which were spoiled by reason of the shipper's negligence in so doing, and in that the goods were received in bad condition and not fit for food, the purpose for which they were intended.

We are of the opinion that although the issue was not made by the pleadings upon the implied warranty theory, such was really done, and that it was made so by the evidence and acquiesced in by both parties. And to reverse this case upon technical rules of pleading would not accomplish the end and paramount rule of the statute that substantial justice be done rather than that a cause be reversed for apparent error, when, by so doing, the ultimate object of all litigation would be defeated.

We feel that this action may be fully determined and rightfully disposed of on the issues made by the evidence.

It has been generally understood in law that an article is fit for a particular use and purpose, and a warranty is usually implied that such is true when it is sold for a particular use and purpose, as in this instance, the article being food. And it is specially true that, where a buyer orders goods to be supplied, and trusts to the judgment of the seller to select goods which shall be fitted for the known purpose for which they are intended and ordered, and the seller is further trusted to properly load and car such goods, there exists an implied warranty that they shall be reasonably fit for that purpose. See 24 Ruling Case Law, 187.

We direct attention to the exception appearing as subdivision one of Section 8395 of the General Code, known as the Uniform Sales Act, wherein it is provided:

"When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment,

whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

This question being determined by the statute in the affirmative, the principal question then presents itself: Does an implied warranty survive acceptance? And keeping in mind the particular facts in this case, that the company had to pay the invoice and charges and secure possession of the car before it could inspect its contents, and that the company promptly notified the seller of the bad condition of the goods within twenty-four hours of its examination of the produce, we are again drawn to the statutes for an answer to this question.

Section 8429 of the same act provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

And the question at issue is completely solved by further Code provisions, that is, the first three paragraphs of Section 8449, which determine the remedy of the buyer, as follows:

"(1)   When there is a breach of warranty by the seller, the buyer may, at his election—

"(a)   Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price;

"(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty."

The right to the election of remedies is recognized in *Wilson & Co.* v. *M. Werk Co.,* 104 Ohio St., 507, 512, 136 N. E., 202, 24 A. L. R., 1438. And the company in this action had its choice. An interesting and parallel case to the one at issue may be found in *Herbrand Co.* v. *Lackawanna Steel Co.,* (C. C. A.), 280 F., 11, 14. *Herman-McLean Co.* v. *Carpenter, ante,* 58, 174 N. E., 160, 31 O. L. R., 288, is also in point.

As a final comment, it appeals to us that the company, in accepting the shipment of goods which were perishable, and in promptly disposing of such for the best price obtainable, did that which was for the very best advantage of the plaintiff in error. Had it not done so, plaintiff in error would no doubt have sustained a greater loss by a railroad sale or by total destruction of the produce. And in his chosen manner of shipment, necessitating payment and acceptance before inspection, he courted and provoked this action, occasioned by his negligence in loading the car, and he should not now be heard to complain. The judgment is therefore affirmed.

*Judgment affirmed.*

LEMERT, P. J., and ROBERTS, J. (of the Seventh Appellate District), concur.