**STATE AUTOMOBILE MUTUAL INS CO v ROBINETTE, Admr, Etc**

Ohio Appeals, 1st Dist, Butler Co

No 592. Decided Nov 15, 1933

Andrews, Rogers & Scott, Hamilton, and H. F. Holscher, Columbus, for plaintiff in error.

C. W. Elliott, Middletown, and Henderson Estes, Middletown, for defendant in error.

GUERNSEY, J, (3rd Dist), sitting by designation.

**OPINION**

By ROSS, J.

The first assignment of error is based upon the contention that the petition states no cause of action.

It is conceded by both parties that if the petition merely states a cause of action, predicated upon a contract to issue a policy, or in other words, a contract to make a contract of insurance, the petition is defective. It is conceded as well that a verbal contract of insurance is valid. The

Hartford Fire Insurance Co. v Whitman, 75 Oh St, 312. Goodman, a minor, v The Royal Indemnity Co. et, 24 Oh Ap, 357, (5 Abs 115).

It must be admitted that the petition is inartistically drawn. Language could have been employed which would have made the allegation of a contract much clearer. Such criticisms, however, are not equal to a fatal defect in pleading.

Sec 11345, GC, provides:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

In the case of **Nott et v Johnson, 7 Oh St, 270**, it is stated in the second paragraph of the syllabus:

"* * * Every reasonable presumption and fair constructive intendment will be made to sustain the pleading after verdict."

It must be remembered that no motion to make definite and certain, nor demurrer was filed, and that the matter comes up first, on motion for judgment.

The record shows further that the evidence of plaintiff was offered in support of the **contract of insurance**, without objection that such evidence was not competent under the allegations of the petition.

In **Younger & Co. v Halliday, 107 Oh St, 431**, the second paragraph of the syllabus is as follows:

"Where a case is tried upon a given theory, and evidence is introduced pro and con upon such theory without objection, it is too late after trial and judgment to raise the question for the first time whether the pleadings warrant such a theory."

It is apparent that the plaintiff was endeavoring to state that he had a contract of insurance and produced his proof accordingly. In **Bethel v Woodworth et, 11 Oh St, 393**, it is held in the second and third syllabi:

"That a defective statement in the petition of the cause of action, is not a cause for reversal of the judgment, if the facts stated in the petition, when well stated constitute a cause of action."

"That the verdict of finding of the court after judgment is always presumed to have been on proof of the alleged facts and necessary circumstances to sustain the truth of such verdict or finding, upon which the judgment has been so rendered."

224

A particularly good statement of the present attitude of courts toward liberal construction of pleadings is found in Stoutenburg v Lybrand et, 13 Oh St, 228, at page 233, and we quote from this as follows:

"The answer does contain what was no doubt intended as a statement of such facts; but objection is taken to the mode of statement; because, as to some of them, the averments are not direct as to the existence of the facts, but only as to the defendant's information and belief of their truth; and, as to another, that it is not a statement of fact, but of a conclusion of law. The strictness of the common law rules of pleading would unquestionably condemn such an answer, upon demurrer. But the code has abolished the former rules of pleading, and prescribed, in their stead, others, essentially different. Under the code, demurrers go to the substance and not to the form of pleadings. If a pleading, liberally construed, sets out a sufficient cause of action or defense, though it may be defectively stated, a demurrer to it will not lie. Objection to defects extending only to the mode of statement must be taken by motion. The code requires the allegations of a pleading to be expressed in ordinary language, and in determining their sufficiency, these allegations are to be liberally construed, with a view to substantial justice between the parties."

See also: Woodnut v Knowles, 14 Oh St, 18.

Again, in the case of Everett et v Waymire et, 30 Oh St, 308, it is stated in the second paragraph of the syllabus:

"A general demurrer to an answer for want of facts, sufficient to constitute a valid defense, will not be sustained when the facts in the answer if well stated, would constitute a sufficient defense. It is the office of a motion, and not of a demurrer, to make a pleading more definite and certain."

In McCurdy v Baughman, 43 Oh St, 78, it is held that: "Pleadings under the present system must be fairly and reasonably, not strictly construed." * * *.

In Railway Co. v Iron Co., 46 Oh St, 44, the court say, syllabus 1:

"Indefiniteness in pleading should be taken advantage of by motion and not by demurrer; so that, where the language of a pleading will fairly admit of a construction that will sustain it against a demurrer, it should, in the absence of a motion to make definite and certain, be so construed."

See also: Green et v Carter, Treas. et, 28 Oh Ap, 492, (6 Abs 723); Baumann, Exrx. v Mangold et, 32 Oh Ap, 419; Lowell v Realty Co. et, 34 Oh Ap, 128, (7 Abs 325); Kolberg v Central Fruit & Grocery Co., 37 Oh Ap, 64, (9 Abs 306); Fulton, Supt. of Banks v Ferguson, 44 Oh Ap, 365, (Ohio Bar Reports, June 12, 1933), (13 Abs 330).

The defendant has a complete remedy against indefinite pleading in §11336, GC. If he fails to avail himself of such rights as are therein conferred, he can not later complain that a court extends to the pleading the limit of favorable interpretation of the language used.

Plaintiff in error urges that it seasonably advanced its objection to the petition in its motion for an instructed verdict, and motion for a new trial.

We feel that the fair construction to be drawn from the authorities noted, supra, is that if a party resorts to the means employed herein, having failed to attack the petition by motion or demurrer, or objection to the evidence, the petition must stand unless under favorable construction it wholly fails to state a cause of action. Only by applying strict technical rules of construction, would the petition in the instant case so fail.

An examination of the evidence shows enough to justify the court in its conclusion that a contract of insurance existed covering the loss insured against in the contract.

In the other assignments of error advanced, we find the interventon of no error, prejudicial to the plaintiff in error, which would require a reversal of the judgment, which is affirmed.

HAMILTON, PJ, and GUERNSEY, J, concur.