## HOEL v COOK

Ohio Appeals, 1st Dist, Butler Co

No 662.   Decided Nov 7, 1935

John D. Andrews, Hamilton, for plaintiff in error.

Wm. D. Schaeffer, Cincinnati, and Harry S. Wonnell, Hamilton, for defendant in error.

## OPINION

### By ROSS, PJ.

The first assignment of error is, that the court should have granted a motion for judgment on the pleadings, interposed at the beginning of the trial, and that there being no amendment to the petition requested, it is immaterial that the evidence may support the verdict. It is asserted in support of this contention that the petition does not state a cause of action, in that it is not alleged that the services upon which the action is predicated were actually rendered by plaintiff. A reading of the entire petition fails to support this claim. It is alleged that ' the reasonable value of such board and lodging furnished decedent as aforesaid was at the rate of $7.00 per week, being a total of $147.00 for the said period of 21 weeks."

There is, it is true, however, no definite allegation that the plaintiff did manage the business affairs of the decedent, the pleader merely alleges that the reasonable value of "such services" were a certain amount. Such pleading is obviously subject to criticism, in that it requires the use of inference in order to supply the essential elements required to state a cause of action on this branch of the claim.

The difficulty with the motion for judgment on the pleadings is that the petition was not separated into causes of action, to which the motion could be specifically addressed sertatium. It was good in part, and bad in part. However, a motion for judgment non obstante veredicto was made after the jury had by special findings, as before stated, separated the total recovery into integral amounts covering the two claims. It is our conclusion that the court could, as to such motion, have granted the same as to the $175.00 allowed for attendance to business affairs of decedent, and properly overruled the same as to the claim for board and lodging. We are reinforced in this conclusion by the record which fails to show evidence justifying anything like the amount allowed by the jury for such attendance upon the business affairs of the decedent, which were comparatively trivial. Her estate was exceedingly small also.

The situation here presented as to the allegations of the petition covering the second claim addressed to the services rendered for attendance to the business affairs of the decedent is obviously different from the situation presented in State Automobile

**Mutual Ins. Co. v Rebinette, Admr., 47 Oh Ap, 22 (16 Abs 222).** There the petition while inartistically drawn was held good as against attack deferred until motion for judgment. Here, while no motion to make definite and certain, or motion to separately state and number, or demurrer was filed—the defendant did file a motion for judgment on the pleadings for the reasons already given was at least a gesture toward raising the question later presented and the defendant did constantly object to evidence tending to support an element totally absent from the petition, that is the claim that the services were rendered.

The second contention of the defendant is that the verdict is contrary to the weight of the evidence. We have already commented upon the evidence directed to the claim that services were rendered decedent affecting the conduct of her little business affairs.

Upon the other claim for maintenance, support, board and lodging we are met at the outset with a query involving the status of the decedent in the house of the plaintiff. Was she or was she not a member of the family of plaintiff? She was given a room of her own in his home. She sat at his table, partook of his food, and had the freedom of the house, and she was cared for by the members of the family of plaintiff when ill or ailing. She on several occasions rendered some small casual services to his household by washing dishes and doing little things about the house, but she had no definite duties about the household. There is not sufficient evidence presented, however, to warrant the court in concluding as a matter of law certainly that she was a member of his family or was considered so. Her sojourn in the home of plaintiff was considered by all but a temporary visit and for the convenience of the decedent. The real test of whether or not a family relationship exists is whether there is such a mutual exchange of benefit, obligation, responsibility and services, that no presumption of implied obligation to pay for the services of any of those involved is created. There is present a reciprocal consideration for all services rendered. The blood relationship of the parties is not controlling and is often inconsequential.

The instant case presents no situation where the relationship of the parties is so close in consanguinity as to destroy any presumption that the services rendered were to be paid for. There certainly was no obligation upon the half-nephew to furnish board and lodging to his half-aunt. She made also more than merely a casual temporary visit, such as any such relative could make as a house guest without raising a presumption that she intended to pay for the consideration given her. She was a boarder and lodger. We have no hesitancy in finding, therefore, that the facts, which are not in serious conflict, unqualifiedly show that no family relationship existed between the plaintiff and decedent such as is contemplated in the case of **Hinkle et, Exrs. v Sage, 67 Oh St, 256** and in **Merrick v Ditzler, 91 Oh St, 256,** or in the case of **Edgar v Schock, Admr., 16 C.C. (n.s.) 118.**

In the case of **Baughn, Admr et v Duncan, 31 Oh Ap, 518,** the court found that the record showed certain facts which tended to show a family relationship. If the facts are not in dispute, this certainly is a question of law. There is in the instant record no fact tending to show a family relationship. The evidence is conclusive to the opposite effect, and the court properly refused to leave such question to the jury, or to charge in the alternative the several degrees of proof required to prove either an express contract or the existence of one implied from the circumstances and the acts of the parties. The court required the plaintiff to prove the contract alleged in the petition by a proper degree of proof—the preponderance of the evidence. The evidence is sufficient to sustain the existence of a promise on the part of the decedent to pay for her board and lodging.

We have in the consideration of this assignment of error covered the third and last criticisms of the defendant, addressed to the instructions of the court.

We conclude, therefore, in view of the defective pleading applying to the claim for services rendered by the plaintiff and the evidence indicating on extremely meager character of such services and the small amount of the estate involved, that the judgment will be modified by reducing same to the extent of the amount fixed by the jury covering such services, to-wit, $175.00.

We further conclude that no error, prejudicial to defendant intervened as to the claim for board and lodging, that there was ample evidence to support a contract on the part of the decedent to pay for same, that the amount allowed by the jury was entirely reasonable, and that there was no evidence of a family relationship between plaintiff and decedent, requiring proof of an express contract by clear and convincing evidence, and that the court submitted this issue to the jury under instructions not prejudicial to the defendant.

The judgment will be reduced to the amount allowed for board and lodging, and, as so modified, is affirmed.

MATTHEWS and HAMILTON, JJ, concur.