Robinson, J.
 

 The sole question involved in this case is whether the sustaining of the demurrers in cause No. 91170 on July 17,1925, was a failure upon the part of the defendant in error “otherwise than upon the merits,” for if the failure was otherwise than upon the merits she was entitled, under the provisions of Section 11233, General Code, to institute a new action within the period of one year from the date of such failure.
 

 The demurrers were filed and decided upon the ground that the action was not brought within the time limited by law for the commencement of such action, and, in the particular situation, were in effect demurrers upon the ground that the action was prematurely brought.
 

 The issue determined by the court in déciding the demurrers was not that upon the facts stated in the petition there was no liability of the plaintiffs in error to the defendant in error by reason óf the transactions therein "set forth, but that the cause of action had not accrued at the time of the filing of the petition. While that court was in error in the sustaining of such demurrers, since the petition filed on February 21,1923, alleged that her husband had lost to the plaintiffs in error, at gaming, between February 1, 1922, and January 13, 1923, and therefore would have admitted of proof of losses occurring prior to August 21, 1922, no motion to make definite and certain having been filed, the sustaining of such demurrers still amounted to a failure of the defendant in error other than upon the merits; and the
 
 *230
 
 fact that she did not prosecute error from such judgment is not significant. The right to prosecute error is a privilege, but, generally speaking, not a duty. The plaintiffs in error were not permitted to complain of such judgment, and the defendant in error was not required to complain thereof. By virtue of such judgment she was entitled to the favor extended her by Section 11233, and to bring her action within one year thereafter. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade, Jones and Matthias, JJ., concur. .
 

 Day, J., concurs in the judgment,