## BLOCH v TRESSLER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1269. Decided June 4, 1934

J. D. Chamberlain, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By BARNES, J.

The omission of this detail from the petition is not material since we are bound to conclude that the trial court correctly sustained the motion to quash. Again the petition does not advise as to the date of the filing and sustaining of the motion to quash. Counsel for the respective parties in each of their briefs say that the motion to quash service was filed November 4, 1931 and that the motion was sustained on March 19, 1932. We also find from the briefs that the personal service which was quashed was made on October 2, 1931. The briefs also recite the fact that an alias summons was issued on March 18, 1932 and duly served on March 21st of the same year. These dates are not necessarily neces-sary to a determination of the question involved, although they would aid very materially in presenting an accurate picture of the various steps taken in the action. In the absence of the sidelights gained from the briefs, we might conclude that the trial court in the first action sustained the demurrer on the ground that the time limited for the bringing of the action had expired immediately following the sustaining of the motion to quash.

These omitted facts can not aid plaintiff's action for we must assume in the absence of allegations to the contrary that the trial court had before it such a state of facts as would warrant the orders and judgments entered. Counsel for both plaintiff and defendant set out in their briefs that an alias summons was issued and served and that the demurrer and sustaining thereof followed this last service.

In any event, this seems to have been a ruling by the trial court upon the identical question that was presented and determined in the second action. If this be correct, the question would be res adjudicata and the plaintiff would not be permitted to again raise the same question through the subterfuge of filing a second petition.

In the case of **Meise v McCoy, Admr., 17 Oh St, 225,** we have an analagous situation.

In the case cited, the plaintiff administrator filed an action on a death claim. The limitation on such actions under the then statute was two years. The intestate died June 28, 1862. The petition was filed June 23, 1864. The summons was served personally on the defendant on July 4th, which proved to be the return day of the summons. The statute provided that the summons should be on or before the return day. On motion the service was quashed. On February 24, 1865 more than two years after the death of the intestate, the plaintiff caused another summons to issue in this same action, which was duly served. The defendant raised the statute of limitations by answer. The plaintiff replied setting up all the facts as above enumerated.

Sec 23 GC contained practically the same saving clause as the present section. It will be noted that the second summons was issued and served within a year. The syllabus in the case reads as follows:

"The service of summons on the return day is not void but only voidable; and if such service is, on motion of the defendant, set aside, the plaintiff may, under §23 GC, within the time therein limited, bring his

action anew notwithstanding the time allowed for commencing the action may have expired between the time of instituting proceedings and the time of setting aside the service."

The language of §23 GC as in §11233 GC very naturally leads to the inquiry as to whether or not under a state of facts as shown in the reported case and also the instant case would require the bringing of a new action or could an alias summons issue in the original action. Our conclusion is that the reported case is determinative of the question. In the reported case the alias summons was issued and the court gave application to §23 GC. In the instant case, under a similar procedure, the trial court sustained the demurrer and dismissed the petition. Under that state of the record, the plaintiff's remedy would have been to have prosecuted error from that judgment of dismissal.

It has given us considerable concern as to how far we could go beyond the allegations of the petition and accept the statement of counsel for the plaintiff as well as counsel for defendant giving days and dates and various steps taken which ultimately ended in the trial court sustaining demurrer and dismissing petition. It is our conclusion that when plaintiff says in his petition that the court sustained the demurrer on the ground that the time limited for the bringing of the action had expired, without further allegation of fact compels us to indulge the presumption that the court was correct in its determination if we are able to conceive of such state of the record.

Counsel in their briefs aid us to indulge the presumption by supplying the necessary facts.

Neither is the petition aided by reason of the allegation that the court dismissed the petition "without a hearing on the merits." The quoted portion of the petition is a mere conclusion and lends no aid to the pleading.

In the instant case service was quashed on motion of defendant due to the fact that he was immune from service at a time when he was attending court as a party. In the reported case, service was not made within the time prescribed under the statute. In neither case was the service void but only voidable. It is our conclusion that the plaintiff has had his day in court and can not again bring a separate action. The cause is unquestionably barred under the provisions of §11224-1 GC,

unless kept alive under the saving provision of §11233 GC.

We also hold to the view that the dismissal of an action on the ground that it is barred by the statute of limitations is a determination on the merits. The case of **Belpash v Emerine, 119 Oh St 226** on first impression might appear to hold a contrary view. In that case, while the demurrers were filed and decided upon the ground that the action was not brought within the time provided by law, yet were in effect demurrers upon the ground that the action was prematurely brought. When we analyze and ascertain these facts, it is readily understandable that a demurrer sustained on the ground that the action is prematurely brought is not a determination on the merits. An action on a note may not be brought under ordinary circumstances until it is due, but the obligation does eventually ripen into a cause of action, when it becomes due.

A cause of action once barred by the statute of limitations is gone forever and the lapse of time will not revive it. The most that can be said is that it may be waived.

Finding no error in the judgment of the trial court, the petition in error is dismissed at costs of plaintiff in error. Entry may be drawn in accordance with the above finding.

HORNBECK, PJ, and SHERICK, J, concur.