LaBarbera, Appellee, *v.* Batsch, Appellant.

[Cite as LaBarbera v. Batsch, 10 Ohio St. 2d 106.]

(No. 40358—Decided April 19, 1967.)

*Messrs. Rini & Hecht* and *Mr. Donald L. Goldman,* for appellee.

*Messrs. Hermann & Rhoa* and *Mr. Albert J. Rhoa,* for appellant.

O'NEILL, J. Broadly stated, the issue in this case concerns the relationship between the saving statute, Section 2305.19, Revised Code, and the principle of *res judicata.* More precisely, the question is whether a case wherein final judgment has been rendered for the defendant on the ground that the action was not commenced within the period prescribed by statute, which judgment was appealed from and affirmed and further appeal rights have long since expired, can be rebrought under Section 2305.19, Revised Code.

Although defendant's first defense does not specifically set forth that it is a defense of *res judicata* or estoppel and may,

therefore, have been subject to motion to make definite and certain (Section 2309.34, Revised Code), it was not attacked on such ground, and the right to object on that ground was, therefore, waived. *State Automobile Mutual Ins. Co.* v. *Robinette, Admr.* (1933), 47 Ohio App. 22, 189 N. E. 857. The same might be said if the defense stated was regarded as simply the general statute of limitations (Section 2305.10, Revised Code), with an allegation of facts showing that the saving statute relied upon by plaintiff (Section 2305.19, Revised Code) does not apply. The same might also be said, particularly on appeal, of the objection that separate grounds of defense were not separately stated and numbered in accordance with Section 2309.15, Revised Code. Compare *Mantho* v. *Board of Liquor Control* (1954), 162 Ohio St. 37, 120 N. E. 2d 730. In any event, facts sufficient to establish either defense are pleaded adequately enough that neither defense was waived. *State Automobile Mutual Ins. Co.* v. *Robinette, Admr., supra.*

It is clear that if there were no saving statute (Section 2305.19, Revised Code), the dismissal of the previous suit would bar this action. The material facts incontrovertibly established by the pleadings and affidavit summarized above are that a prior suit between the same parties on the same cause of action was dismissed with an express finding that it had not been commenced within the period limited by statute (Section 2305.10, Revised Code), and that such dismissal was appealed from to the Court of Appeals and there affirmed on December 13, 1962.

Even if this dismissal were not on the merits (contrary to our later holding herein), where this same issue is raised in a subsequent suit on the same cause of action between the same parties, the elements of a "direct estoppel" are present. *Norwood* v. *McDonald et al., Admrs.* (1943), 142 Ohio St. 299, 306, 52 N. E. 2d 67 (paragraph three of the syllabus); *First National Bank of Cincinnati* v. *Berkshire Life Ins. Co.* (1964), 176 Ohio St. 395, 199 N. E. 2d 863 (paragraph one of the syllabus); *Schram* v. *Cincinnati* (1922), 105 Ohio St. 324, 137 N. E. 868; *Hixson* v. *Ogg* (1895), 53 Ohio St. 361, 42 N. E. 32; Restatement of the Law of Judgments, Section 45 (c), comment *d*, Section 49, comment *b*, Section 50, comment *d*; 32 Ohio Juris-

prudence 2d 48 and 58, Judgments, Sections 297 and 307. If the dismissal was on the merits (as we later hold), it is clearly a complete bar to another suit on the same cause of action between the same parties. *Norwood* v. *McDonald, supra* (paragraph one of the syllabus); Restatement of the Law of Judgments, Sections 45(b) and 48; 2 Freeman on Judgments (5 Ed.), 1322 and 1427, Sections 627 and 676; 32 Ohio Jurisprudence 2d 31, Judgments, Section 277.

It is not contended that the judgment in the prior action was void because of some defect relating to the jurisdiction of either court therein, in which case the judgment could not operate as an estoppel as to a particular fact or issue; nor could it operate as *res judicata* as to a cause of action. *Horovitz* v. *Shafer* (1950), 57 Ohio Law Abs. 341, 94 N. E. 2d 201; 32 Ohio Jurisprudence 2d 42, Judgments, Sections 292 and 293; Restatement of the Law of Judgments, Section 45, comment *e.* Nor is this a proceeding in which fraud or collusion in the obtaining of the former judgment is urged. It is, however, claimed that the decision of the courts in the prior action was erroneous, by virtue of the decision of this court in *Robinson* v. *Commercial Motor Freight*, 174 Ohio St. 498, 190 N. E. 2d 441 (decided May 8, 1963, nearly five months after the Court of Appeals affirmed the original judgment herein, which affirmance was not appealed to this court). The *Robinson* case overruled *Baltimore & Ohio Rd. Co.* v. *Ambach*, 55 Ohio St. 553, 45 N. E. 719, *McLarren* v. *Myers, Admr.*, 87 Ohio St. 88, 100 N. E. 121, and *Zakrzewski* v. *Lenczycki*, 129 Ohio St. 462, 195 N. E. 867. The appellant asserts that both the trial and appellate courts relied upon those cases in rendering their judgments in the prior action.

Facts relevant to the matters decided in *Robinson* and *Ambach, supra*, such as the time of filing of the petitions and praecipes and the time of issuance of the summons to the sheriff in the original actions, were established in the trial court by affidavit, and appellee's argument and the judgment of the Court of Appeals herein are based upon the claim that by virtue of the retrospective operation of *Robinson, supra*, the judgments of the courts in the original action were erroneous. See opinion of the court below, *LaBarbera* v. *Batsch* (1966), 5 Ohio App. 2d

151, 214 N. E. 2d 443. It is obvious that appellant's case depends upon the applicability of the saving statute, Section 2305.-19, Revised Code, for its vitality, because there is no exception in the doctrine of *res judicata* for merely erroneous judgments.

When *res judicata* or estoppel is applicable, the record properly in evidence of a valid and existing judgment is conclusive, when it shows on its face that a relitigation of the same cause of action or issue is sought. In such situation, extrinsic evidence is not admissible to show error. *Wanzer* v. *Self* (1876), 30 Ohio St. 378; *Norwood* v. *McDonald et al., Admrs., supra* (paragraph six of the syllabus); *Hixson* v. *Ogg, supra; Covington and Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233; *State, ex rel. Schneider,* v. *Brewer, Judge* (1951), 155 Ohio St. 203, 98 N. E. 2d 2; *Lamb* v. *Sebach,* 52 Ohio App. 362, 3 N. E. 2d 686; 32 Ohio Jurisprudence 2d 128, 130 and 131, Judgments, Sections 376, 377 and 378.

The reason for this rule is that the doctrine of *res judicata* would be abrogated if every decision could be relitigated on the ground that it is erroneous, and there would be no stability of decision, or no end to litigation. As was declared in *State, ex rel. Sylvania Home Telephone Co.,* v. *Richards et al., Judges* (1916), 94 Ohio St. 287, 295, 114 N. E. 263, 265:

"* * * when a judgment has been rendered in due course by a court of final jurisdiction the parties should not be left in doubt as to its finality or be led to speculate on the possibility that a different court in a controversy between different parties may afterwards differently decide the legal questions involved. It frequently happens that a court of last resort overrules a reported decision formerly made by it, but no one would contend that the overruling operated to open afresh the controversy disposed of in the overruled case.

"The chief objects of the amendment of the judicial article to the Constitution were to avoid the mischief of endless litigation and to secure the salutary results that come with the assurance of the conclusive effect of final judgments."

The principle that an erroneous but existing and final judgment is *res judicata* has been adhered to in the face of subsequent changes of law by higher courts in other actions, both in Ohio and elsewhere. *Berkey Farmers' Mutual Telephone Co.* v.

*Sylvania Home Telephone Co.* (1917), 97 Ohio St. 67, 119 N. E. 140; 2 Freeman on Judgments (5 Ed.), 1540, Section 727. In the *Berkey case*, the court, at page 74, said:

"It is equally true that where a Court of Appeals renders a judgment and subsequently the Supreme Court in a case between other litigants involving the same question renders a different judgment, the Court of Appeals cannot open up the judgment in the case decided by it and have relitigated a matter that had been finally disposed of. * * *"

The court in *Berkey* held further that Section 11364, General Code (Section 2309.59, Revised Code), relied upon by the Court of Appeals in its journal entry herein provided no authority for a Court of Appeals to go outside the matters properly in the record to disturb a final judgment, nor would relitigation have been authorized by the facts in the record showing the erroneousness of a judgment that was *res judicata*.

The only remaining question is whether the saving statute, Section 2305.19, Revised Code, authorizes the relitigation of the defense of the statute of limitations, which would in the instant case otherwise be *res judicata*. The General Assembly could create an exception to *res judicata* if it wished. The question is whether it has done so by Section 2305.19, Revised Code.

The pertinent language of Section 2305.19, Revised Code, is as follows:

"In an action *commenced,* or *attempted to be commenced,* if *in due time* a judgment for the plaintiff is reversed, or if the plaintiff fails *otherwise than upon the merits,* and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *" (Emphasis added.)

This section must be read in conjunction with Section 2305.17, Revised Code, which, in pertinent part, as it read prior to amendment, effective October 30, 1965, provided:

"An action *is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive* * * * Revised Code, as to each defendant, at the date of the summons which is served on him * * *.

"Within the meaning of *such sections*, an *attempt to commence* an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within 60 days." (Emphasis added.)

Also, Section 2305.03, Revised Code, provides in part:

"A civil action, unless a different limitation is prescribed by statute, can be *commenced* only within the period prescribed in *Sections 2305.03 to 2305.22*, inclusive, of the Revised Code. * * *" (Emphasis added.)

From a reading of these sections, before an action may be recommenced under Section 2305.19, Revised Code, it must first have been commenced, or attempted to be commenced, within the meaning of Section 2305.17, *supra*. *Cf. Title Guaranty & Surety Co.* v. *McAllister, Admx.* (1936), 130 Ohio St. 537, 200 N. E. 831; *Kossuth* v. *Bear* (1954), 161 Ohio St. 378, 119 N. E. 2d 285; *Mason* v. *Waters* (1966), 6 Ohio St. 2d 212, 217 N. E. 2d 213; *Bush* v. *Cole*, 1 Ohio App. 269, affirmed without written opinion, 91 Ohio St. 369, 110 N. E. 1056; Eastman and Kane, Commencement of a Civil Action in Ohio for Application of the Statute of Limitations, 16 Ohio St. L. J. 140, 150.

This is made clearer by a reference to the original enactment of Section 2305.19, Revised Code, found in 51 Ohio Laws 57, 61 (part of the original Code of Civil Procedure, enacted in 1853), which began as follows: "If an action be commenced within due time * * *." The reference to "attempted to be commenced" came into this section by amendment set forth in 91 Ohio Laws 72-73, which added language about service on corporations in receivership, and began as follows: "If, in an action commenced, or attempted to be commenced, in due time * * *." This phrase, "attempted to be commenced," must also refer to Section 2305.17, Revised Code. Under any other interpretation, a case attempted to be commenced within a general statute of limitations could be dismissed for want of service (not on the merits) and there would still be a year to recommence, making the 60-day period in Section 2305.17, Revised Code, of no effect. See Eastman and Kane, *supra* (Ohio St. L. J. 140), at page 152; *Kossuth* v. *Bear, supra* (161 Ohio St. 378), at page 384. The words, "in due time," thus modify "an action commenced, or attempted to be commenced" and refer

back to the meaning of those terms for the purposes of the general statute of limitations, which is set forth in Section 2305.17, Revised Code. See *Bush* v. *Cole, supra,* at 271.

When a court, as did the courts in the original action herein, decides that an action was not commenced within the applicable general statute of limitations, it necessarily decides that there was no effective attempt to commence, for Section 2305.17 makes such attempt equivalent to commencement for the purpose of statutes of limitations. It is, therefore, clear that a relitigation of the same issues, under Section 2305.17, Revised Code, would be required if a determination of such issues for the purposes of the general statute of limitations were not *res judicata* in a suit brought under the saving statute, Section 2305.19, Revised Code. It is thus the position of the Court of Appeals and plaintiff-appellee herein, that whenever a new action is brought within one year from failure under the referred-to saving statute, a relitigation of the correctness of a judgment for defendant on the grounds of the statute of limitations may be had without an appeal.

Such a result would be directly contrary to the policy of *res judicata* and of statutes of limitation. The policy basis of *res judicata* is to assure an end to litigation, and prevent a party from being vexed twice for the same cause. *First National Bank of Cincinnati* v. *Berkshire Life Ins. Co., supra* (176 Ohio St. 395), paragraph three of the syllabus; 2 Freeman on Judgments (5 Ed.), 1318, Section 626. Once a matter has been finally determined in favor of a party and is no longer subject to appeal, he has a right to rely on the stability and finality of such determination. Even if the determination that the statute of limitations had run were not on the merits (so as not to prevent by *res judicata* a suit on the same cause of action), still it would be a defense which has itself been litigated and the defendant had a right to rely on this determination if he was again vexed for the same cause. The strength of this policy is the reason courts refuse to adopt the one of two possible constructions which is not consistent with such policy, *State, ex rel. Sylvania Home Telephone Co.,* v. *Richards et al., Judges, supra* (94 Ohio St. 287), and to refuse to allow even a retroactive statute to abrogate the *res judicata* effect of an existing and

valid final judgment, in the absence of a clear legislative intent so to do. 2 Freeman on Judgments (5 Ed.), 1505, Section 713. *Cf.* Sections 1.20 and 1.22, Revised Code.

Statutes of limitation are similarly designed to assure an end to litigation and to establish a state of stability and repose. *Townsend* v. *Eichelberger* (1894), 51 Ohio St. 213, 216, 38 N. E. 207; Calahan, Statutes of Limitation—Background, 16 Ohio St. L. J. 130. Although it was said many years ago in Ohio (*Sheets* v. *Baldwin's Admrs.* [1843], 12 Ohio 120; *Newsom's Admr.* v. *Ran* [1849], 18 Ohio 240), and elsewhere (1 Freeman on Judgments [5 Ed.], 569, Section 288), that the statute of limitations was a disfavored defense, the modern and better view is that it is as favored as any other defense, since it is based on an important legislative policy. 1 Freeman on Judgments (5 Ed.), 569, Section 288; *Townsend* v. *Eichelberger, supra* (51 Ohio St. 213); 34 Ohio Jurisprudence 2d 486, Limitation of Actions, Section 2.

Although it has been said many times that the saving statute, Section 2305.19, Revised Code, is a remedial statute and to be liberally construed, *e. g., Cero Realty Corp.* v. *American Manufacturers Mutual Ins. Co.* (1960), 171 Ohio St. 82, 167 N. E. 2d 774; *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Bemis* (1901), 64 Ohio St. 26, 59 N. E. 745, the court is reluctant to infer that this principle is of more importance than the policies mentioned without completely clear evidence of legislative intent.

It is not, however, necessary for the court to rest on policy inference alone. By its use of the words, "*otherwise than upon the merits,*" in Section 2305.19, Revised Code, the General Assembly has indicated that it did not intend to allow a relitigation of the issue of commencement within the statute of limitations. The General Assembly allowed only plaintiffs failing otherwise than upon the merits to recommence their actions within one year, and the General Assembly must be presumed to have known that a judgment based upon the statute of limitations is generally regarded as *on the merits* and bars another action for the same cause within the state rendering it. Restatement of the Law of Judgments, 194, Section 49, comment *a*; 2 Freeman on Judgments (5 Ed.), 1536, Section 726. A historical reason for this is that the statute of limitations was not one of

the common-law pleas in abatement, but was a plea in bar (Atkinson, Pleading the Statute of Limitations, 36 Yale L. J. 914, 944), and such was *res judicata*. See Clark, Code Pleading (2 Ed. 1947), 602, Section 95.

Plaintiff (and, indirectly, the Court of Appeals) relied upon *Belpash* v. *Emerine*, 119 Ohio St. 226, 162 N. E. 799, for his argument that an erroneous dismissal based on the statute of limitations is a failure otherwise than upon the merits. The facts stated in *Belpash* show that the actions therein were to recover gambling losses (under Section 5969, General Code [Section 3763.04, Revised Code]), and the opinion states that the issue determined in the original action, to which a demurrer had been sustained, was that the cause of action had not accrued at the time of the filing of the petition. (See *Hoss* v. *Layton*, 3 Ohio St. 352.) The court then proceeded to say:

"'* * * *While that court was in error in the sustaining of such demurrer,* since the petition * * * would have admitted of proof of losses occurring prior to August 21, 1922 * * * the sustaining of such demurrer *still amounted to a failure of the defendant in error other than upon the merits* * * *.''* (Emphasis added.)

From this language, it appears that the court in *Belpash* was not saying that there was a failure otherwise than upon the merits in the original action *because* of the erroneous sustaining of a demurrer upon the ground that the statute of limitations had expired, which question was not even before the court in *Belpash*.

The syllabus in *Belpash*, being ambiguous and overly broad, must, therefore, be limited to the situation presented, where the original action was brought *before the time allowed by statute*. So understood, *Belpash* is consistent with the general rule as to actions prematurely brought, which is that a dismissal on such basis is not on the merits and does not preclude a later action for the same cause timely brought. Restatement of the Law of Judgments, Section 54; 2 Freeman on Judgments (5 Ed.), 1536, Section 726; 32 Ohio Jurisprudence 2d 49, Judgments, Section 298; *Lauer* v. *Smith, Admx.*, 1 C. C. (N. S.) 121, affirmed, 65 Ohio St. 563, 63 N. E. 1133. The Court of Appeals for Montgomery County in *Bloch* v. *Tressler* (1934), 17 Ohio Law Abs. 408, distinguished *Belpash* on the same ground and held, as this

court does, that a dismissal on the ground that an action is barred by the statute of limitations is a determination on the merits.

As this court said in the opinion in *Mason* v. *Waters* (1966), 6 Ohio St. 2d 212, 217 N. E. 2d 213, if plaintiff felt that the rulings of the trial court and the Court of Appeals in his previous action were erroneous, he could have proceeded to appeal. He accepted their rulings, however, and attempted to recommence his action under Section 2305.19, Revised Code. This course was not open to him, and it is of no moment that if he had appealed, those rulings might, or even would, have been reversed. *Cf. Mantho* v. *Board of Liquor Control, supra* (162 Ohio St. 37).

The dismissal of plaintiff's original action on the ground that the statute of limitations had expired prior to its commencement was on the merits, and plaintiff was not entitled to recommence the suit within one year from such failure under Section 2305.19, Revised Code. In addition, the prior judgment, properly before the court, was *res judicata* and the question of its erroneousness should not have been inquired into. See *Dougherty* v. *Cummings* (1895), 9 C. C. 718; *Hutton* v. *Curry* (1915), 25 C. C. (N. S.) 22, affirmed in principle, remittitur ordered, 93 Ohio St. 339, 112 N. E. 1019. But see *Hershner* v. *Deibig* (1939), 64 Ohio App. 328, 28 N. E. 2d 784 (semble).

Accordingly, the trial court should not have found in its journal entry that the judgment in the original action "was not erroneous," but should have found that that judgment was *res judicata*.

However, the Court of Appeals erred in reversing the judgment of the trial court, for the error mentioned was not prejudicial.

Therefore, the judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas, as modified, is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the syllabus and judgment.