DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant George Payne appeals the judgment of the Lorain County Court of Common Pleas ordering him to pay ten dollars per week toward his alleged child support arrears. We reverse.
In October 1982, appellee Vanessa Austin brought a complaint seeking, inter alia, that Payne be declared the natural father of her daughter Cherice, born in October 1971, and that he be ordered to pay child support. In February 1985, Payne was adjudicated to be Cherice's natural father and the court ordered that he pay twenty dollars per week in child support beginning February 26, 1985.
By September 1994, Payne had fallen into arrears on his child support obligation. A motion was filed by Austin, Lorain County Human Services and Lorain County Child Support Enforcement Agency ("CSEA") (collectively the "appellees") seeking a "reduction of partial child support arrears to judgment." In the motion, the appellees alleged that Payne was in arrears a total of $9,803.79, but they sought a "partial judgment" only, in the amount of $900. The court granted this motion, ordering that "accumulated partial child support arrears in the amount of $900.00 are hereby reduced to judgment." Apparently, there is no dispute that Payne paid this $900.
In April 1996, the CSEA issued notice to Payne that he was still in arrears on his child support obligation. The arrearage, however, was adjusted down from the prior calculation to only $4,503.54, as Payne's obligation should have terminated effective June 8, 1990, when Cherice became emancipated. Payne and his attorney appeared at the hearing concerning arrearages and raised the defense of res judicata based on the prior $900 judgment. The CSEA Administrative Hearing Officer determined Payne was in arrears, finding res judicata inapplicable because the court's prior order specifically indicated it was requiring payment for only part of the arrears.
Following this recommendation, Payne requested a court hearing on the matter. The magistrate agreed that Payne owed arrearages. Payne filed objections to the magistrate's report, again raising res judicata as a defense. The lower court overruled the objections and adopted the magistrate's report as its final order. Payne appeals, citing as his only error the court's failure to apply the doctrine of res judicata.
Res judicata is a judicially created doctrine designed "to assure an end to litigation, and prevent a party from being vexed twice for the same cause." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106,113. The Ohio Supreme Court has held that, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. "Transaction" is defined as "a common nucleus of operative facts."Id. at 382 (citation omitted). The court went on to say that this rule "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action * * * [t]o seek remedies or forms of relief not demanded in the first action." Id. at 383 (citations and emphasis omitted).
In the case at bar, appellees sought, in their first motion for judgment, the payment of part of Payne's accumulated child support arrears. In their second motion, they sought payment of the amount which remained. The "common nucleus of operative facts" is the court's order requiring Payne to pay child support for Cherice, and his subsequent failure to do so during the effective dates of the order. There were no additional arrears accumulated between the first and second motion. There were no new facts that arose between the first and second motion. It is clear the appellees could have pursued the full amount of arrearage due them in September 1994, but instead they requested only a partial judgment. CSEA asserts in its brief that it "made a tactical decision to reduce only a portion of Appellant's arrears to judgment." Their failure to pursue their full rights at that time results in a bar to this subsequent action.
Appellees place great reliance on the fact that the lower court's first order recognized that $900 was only part of the arrearage. They cite numerous cases which they claim support their position that it is acceptable practice to pursue child support arrears for a given time frame by seeking separate, partial judgments. We have reviewed the cases cited and find them almost wholly inapplicable to the facts at bar. Instead, we find it inconsequential that the court referred to the $900 as only part of the arrearage. If we allowed such a specification to render res judicata powerless, nothing would prevent a vexatious litigant from seeking partial judgment after partial judgment. We believe this type of piecemeal litigation is exactly what the doctrine of res judicata was designed to prevent. "[B]y providing parties with an incentive to resolve conclusively an entire controversy involving the same core of facts, [res judicata] establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources." Grava,supra at 383-384. There is no apparent reason why the appellees could not have pursued their full rights in 1994. Their failure to do so must come at their own expense, not at the expense of Payne or the judicial system.
We hasten to note this is not a situation where the appellees were simply invoking the court's continuing jurisdiction under Civ.R. 75(I). As stated, Payne's child support obligation ceased to accumulate in 1990, when Cherice became emancipated. The motion for $900 partial judgment was filed and granted four years later. The court exercised its jurisdiction at that time by ordering a $900 payment on the arrearage. No new arrearage has accumulated since then. See Fletcher v. Fletcher (June 23, 1993), Greene App. No. 91-CA-107, unreported (where first action seeking alleged arrearage of child support was dismissed with prejudice and child support was no longer accruing at that time, Civ.R. 75(I) was found inapplicable and second action, although seeking an increased amount, was barred by res judicata). In addition, the $900 ordered in the first action applied to the entire arrearage and not to any specific breach or any limited time frame such as would allow appellees to later pursue additional, unrelated relief. Neither is this a case where Payne failed to pay the ordered $900, thereby allowing appellees to invoke the jurisdiction of the court to enforce that order. The only issue in question here, the amount Payne must pay on the arrears accumulated between February 26, 1985, and June 8, 1990, has long since been disposed of. There was, therefore, no continuing jurisdiction to invoke regarding this matter.
"`Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case.'" Beanv. Bean (1983), 14 Ohio App.3d 358, 361, quoting Petersine v.Thomas (1876), 28 Ohio St. 596, 601. In its 1994 order, the court determined that Payne must pay $900 on his existing support arrearage. The remainder of the arrearage could easily have been reduced to judgment at that time as well, but it was not. The appellees simply failed to seek for themselves all available relief in the first proceeding. See Grava, supra at 383. For this reason, we are confident that any further claims on the matter are barred by res judicata. It was error for the lower court to order Payne to pay arrears above and beyond the $900 ordered in 1994.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
SLABY, J.
CONCUR