OPINION
Plaintiff-appellant Jack Kronenthal appeals from a summary judgment rendered in favor of defendants-appellees B-Dry System, Inc., and its owners, Joseph Bevilacqua, and Joseph Garfinkel. The trial court ruled that Kronenthal's claims were barred on resjudicata grounds because B-Dry had brought a similar action against Kronenthal in the Montgomery County Common Pleas Court, and a default judgment had been entered against Kronenthal as a result of his failure to file an answer or otherwise defend in that action. Kronenthal asserts that the Greene County Common Pleas Court had exclusive jurisdiction to rule on the controversy between the parties by operation of the jurisdictional priority rule, because he had obtained service of process on B-Dry in the Greene County action before B-Dry had obtained service of process on him in the Montgomery County action. Thus, Kronenthal asserts, the default judgment issued by the Montgomery County Common Pleas Court is void, and, therefore, cannot bar his action against B-Dry in Greene County.
We conclude that the Montgomery County Common Pleas Court may, indeed, have lacked jurisdiction over this matter pursuant to the jurisdictional priority rule, depending upon whether Kronenthal, as B-Dry asserts, deliberately avoided service of process in the Montgomery County action prior to the time Kronenthal obtained service of process on B-Dry in the Greene County action. Therefore, a triable issue of fact exists regarding whether the Montgomery County Common Pleas Court or the Greene County Common Pleas Court had jurisdiction to rule on the controversy between the parties. Accordingly, the trial court's summary judgment is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
 I
B-Dry System, Inc., is engaged in the business of waterproofing basements. The company owns certain patents, registered trademarks, service marks, trade names, and logos, and has developed what it refers to as "unique procedures and techniques for the operation of a basement waterproofing business, known as the `B-Dry System.'" In 1986, B-Dry entered into a License and Franchise Agreement with Kronenthal that permitted him to operate a waterproofing business utilizing the B-Dry System and the B-Dry label. Disputes subsequently arose between the parties concerning their respective rights and duties under the franchise agreement. The parties entered into negotiations in the latter part of 1997 to resolve their differences, but the negotiations were ultimately unsuccessful.
On January 26, 1998, Kronenthal filed a Complaint against B-Dry and its owners in the Greene County Common Pleas Court, charging, among other things, that the defendants had breached numerous provisions of the parties' franchise agreement. Service of process was obtained on B-Dry on January 29, 1998.
B-Dry responded to Kronenthal's Complaint by filing, among other things, an Answer, Counterclaim, and a Motion for Summary Judgment. In its Motion for Summary Judgment, B-Dry informed the trial court that B-Dry had filed an action against Kronenthal in the Montgomery County Court of Common Pleas on January 6, 1998, and that a default judgment had been entered against Kronenthal by that court on March 3, 1998, because of his failure to file an answer or otherwise defend in that action. B-Dry argued that Kronenthal could have raised the causes of action he was raising in the current action as counterclaims in the Montgomery County action, but failed to do so, and, therefore was barred under the doctrine of res judicata from raising them now.
Kronenthal responded to B-Dry's summary judgment motion by arguing that pursuant to the jurisdictional priority rule, the Montgomery County Common Pleas Court lacked jurisdiction to rule on the controversy because service of process had been perfected in Greene County first. Therefore, Kronenthal argued, the default judgment entered against him by the Montgomery County Court of Common Pleas was void, and could not bar the Greene County action.
B-Dry filed a Reply to Kronenthal's response, asserting, among other things, that Kronenthal had deliberately avoided service of process on numerous occasions in the Montgomery County action, prior to the date Kronenthal obtained service of process on them in the Greene County action. B-Dry argued that Kronenthal should not be rewarded for having done so. In support of this argument, B-Dry attached the affidavits of court-appointed process server Carl J. Vogel, Jr., and B-Dry's privately retained process server Jeff Klitch. In their affidavits, Vogel, and Klitch testified that Kronenthal repeatedly and deliberately avoided service of process from the time B-Dry filed its Verified Complaint against Kronenthal on January 6, 1998, and the time Kronenthal obtained service of process on B-Dry on January 29, 1998. Kronenthal responded by filing his own affidavit, wherein he essentially denied that he had deliberately avoided service of process.
On December 23, 1998, the Greene County Court of Common Pleas granted the summary judgment motion of B-Dry and its owners. First, the court determined that it would not disturb the Montgomery County Common Pleas Court's finding that it had jurisdiction to rule on the case. The court also rejected Kronenthal's argument regarding the jurisdictional priority rule, finding that while Kronenthal did not actually receive service of process in the Montgomery County action until after B-Dry had received service of process in the Greene County action, Kronenthal, nevertheless, had "actual knowledge — amounting to constructive service of process — of the suit being brought against him [in the Montgomery County Common Pleas Court] long before he ever received actual service of process [in that court]." (Emphasis sic.) The court concluded that Kronenthal's causes of action were barred under the doctrine of res judicata as a result of the default judgment entered against him in the Montgomery County action, and that, therefore, B-Dry and its owners were entitled to summary judgment.
Kronenthal appeals from the summary judgment rendered against him.
 II
Kronenthal's sole assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THE TRIAL COURT IMPROPERLY RELIED ON THE DOCTRINE OF RES JUDICATA.
Kronenthal argues that the trial court erred in holding that he was barred from bringing his causes of action under the doctrine of res judicata as a result of the default judgment that was entered against him in the Montgomery County Common Pleas Court. Kronenthal contends that, pursuant to the jurisdictional priority rule, the Greene County Common Pleas Court had exclusive jurisdiction to rule on the controversy between the parties, because he had obtained service of process on B-Dry in the Greene County action before B-Dry had obtained service of process on him in the Montgomery County action.
A trial court may grant summary judgment if there is no genuine issue of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Harlessv. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 67.
The trial court held that: (1) it would not disturb the Montgomery County Common Pleas Court's (implicit) determination that it possessed jurisdiction to enter default judgment against Kronenthal; (2) the jurisdictional priority rule did not divest the Montgomery County Common Pleas Court of jurisdiction to rule on the controversy; and (3) Kronenthal was barred under the doctrine of res judicata from raising his claims as a result of the default judgment that had been entered against him by the Montgomery County Common Pleas Court. We conclude that there are material issues of fact remaining to be litigated with respect to each of these three propositions; therefore, the trial court erred in granting B-Dry and its owners summary judgment on Kronenthal's Complaint.
In B-Dry System, Inc. v. Kronenthal (June 30, 1999), Montgomery App. Nos. 17130 17619, unreported, this court, acting in its capacity as the Montgomery County Court of Appeals, reversed the Montgomery County Common Pleas Court's entry of default judgment in favor of B-Dry and against Kronenthal, and remanded that cause for further proceedings consistent with our opinion in that case.
In arriving at our decision, we noted that it appeared that under the jurisdictional priority rule, the Greene County Common Pleas Court, rather than the Montgomery County Common Pleas Court, had exclusive jurisdiction to rule on the controversy between the parties, because: (1) Kronenthal had obtained service of process on B-Dry in the Greene County action before B-Dry had obtained service of process on Kronenthal; (2) the actions involve the same parties; and (3) the causes of action in both lawsuits, while not exactly the same, are sufficiently identical to merit application of the jurisdictional priority rule.
Nevertheless, this court noted that B-Dry had submitted substantial evidence indicating that Kronenthal had deliberately avoided service of process on numerous occasions prior to January 29, 1998, the date on which B-Dry received service of process in the Greene County action. This court held that where the evidence indicates that a party has deliberately avoided service of process in an action, that party should be deemed to have received service of process, at least for purposes of the jurisdictional priority rule, at the time he first deliberately avoided being served. After noting that Kronenthal had filed an affidavit wherein he essentially denied B-Dry's allegations that he had deliberately avoided service of process, this court remanded the cause to the Montgomery County Common Pleas Court, instructing that court to make a factual determination whether Kronenthal had deliberately avoided service of process, as B-Dry claimed. If the court determined that Kronenthal deliberately avoided service of process in the Montgomery County action prior to the time to the B-Dry was served with process in the Greene County action, then the Montgomery County Common Pleas Court was instructed to reinstate its default judgment against Kronenthal. If the court determined that Kronenthal did not deliberately avoid service of process in the Montgomery County action, or that the evidence on the issue was in equipoise, then the court was instructed to dismiss the action for lack of subject-matter jurisdiction.
In light of our decision in B-Dry Systems, Inc., supra, the trial court erred in relying on the Montgomery County Common Pleas Court's determination that it had jurisdiction to rule on the controversy between the parties.
The trial court also found that the jurisdictional priority rule did not preclude the Montgomery County Common Pleas Court from exercising jurisdiction over the controversy because Kronenthal had "actual knowledge" of the lawsuit being brought against him in the Montgomery County Common Pleas Court before he received actual service of process with respect to B-Dry's action filed in that court, and, presumably, before Kronenthal had obtained service of process on B-Dry in the Greene County action; thus, the trial court found that Kronenthal was constructively served with process in the Montgomery County action before B-Dry was served with process in the Greene County action. We find this argument unpersuasive.
As noted, in B-Dry Systems, Inc., supra, this court held that a party who deliberately avoids service of process should be deemed to have received service of process at the moment he evades process, for purposes of the jurisdictional priority rule. We predicated that ruling on our belief that allowing a party to evade service of process, without suffering any adverse consequences, would undermine the integrity of the judicial process, and defeat the fair and efficient administration of justice. Finding that conflicting evidence had been presented on the issue of whether Kronenthal deliberately avoided service of process, we remanded the matter to the trial court for a determination of that issue.
That same conflicting evidence regarding whether Kronenthal deliberately avoided service of process was presented in this case; thus, that issue could not have been determined in the summary judgment proceedings herein. Furthermore, we are unwilling to find that a person has been constructively served with process in an action simply because he is aware of the action.
The jurisdictional priority rule provides that, as between courts of concurrent and co-extensive jurisdiction, the court whose power is first invoked by the institution of proper proceedings, including the filing of a complaint and the service of process, obtains exclusive jurisdiction to adjudicate the controversy between the parties. Miller v. Court of Common Pleas
(1944), 143 Ohio St. 68, 70. One important purpose behind this rule is to provide courts that have obtained concurrent jurisdiction over a controversy with a "bright-line" rule so that they may determine, with relative ease, which court has jurisdiction to adjudicate the controversy. Allowing courts to find that a person has been constructively served with process at the point in time when the person obtains actual knowledge of the lawsuit would essentially modify the jurisdictional priority rule, and unjustifiably open the door to litigation to determine an issue that should generally remain a simple inquiry. Instead of simply looking to see where service of process was first obtained, courts would have to determine if the party who perfects service of process first, nevertheless had actual knowledge that the other party had brought a lawsuit first. Where there is evidence that a person has deliberately avoided service of process, the need for providing courts with a bright-line rule to allow them to determine their jurisdiction is outweighed by the need to deter that type of misconduct. However, where a party is simply aware that a lawsuit has been brought against him in one court, he is not engaging in misconduct by filing suit in another court of co-ordinate jurisdiction, and, therefore, there is no need to charge that party with having constructively received service of process.
In light of the foregoing, the trial court erred by holding that there was no material issue of fact regarding whether the jurisdictional priority rule barred the Montgomery County Common Pleas Court from exercising jurisdiction over the matter.
Furthermore, because a genuine issue of fact exists regarding whether the Montgomery County Common Pleas Court or the Greene County Common Pleas Court had jurisdiction to rule on the controversy between the parties, there is a genuine issue of fact as to whether the default judgment entered against Kronenthal in the Montgomery County Common Pleas Court barred Kronenthal from bringing his claims in the Greene County Common Pleas Court. If the Montgomery County Common Pleas Court lacked subject-matter jurisdiction over this case, the default judgment it entered against Kronenthal is void, and a void judgment cannot bar a subsequent lawsuit involving the same causes of action on resjudicata grounds. LaBarbera v. Batsch (1967), 10 Ohio St.2d 106,109.
Finally, on remand, the trial court should hold any action on this matter in abeyance until the Montgomery County Common Pleas Court has had an opportunity to determine whether Kronenthal deliberately avoided service of process in that action. If the Montgomery County Common Pleas Court determines that Kronenthal did evade service of process, that court is to reinstate its default judgment, and the Greene County Common Pleas Court is to dismiss the action before it for lack of subject-matter jurisdiction. If the Montgomery County Court of Common Pleas determines that Kronenthal did not evade service of process in that action, or that the evidence is in equipoise as to that issue, then the Montgomery County Court of Common Pleas has been instructed to dismiss the case for lack of subject-matter jurisdiction. In that event, the case will proceed to a trial on the merits in the Greene County Common Pleas Court.
Accordingly, Kronenthal's assignment of error is sustained to the extent indicated.
 III
Kronenthal's assignment of error having been sustained to the extent indicated, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
David E. Beitzel
Mary L. Wiseman
Hon. Thomas Rose