OPINION
On August 30, 1989, Defendant-Appellant, John Banks, was convicted on one count of Rape, a violation of R.C. § 2907.02(A)(1)(b) and a first degree felony, and on one count of Gross Sexual Imposition, a violation of R.C. § 2907.05(A)(3) and a third degree felony. Thereafter, Appellant was sentenced to a term of imprisonment of no less than eight (8) and no more than twenty-five (25) years.
On April 23, 1997, in response to a recommendation by the Ohio Department of Corrections and Rehabilitation, the Seneca County Court of Common Pleas initiated sexual predator classification proceedings against Appellant pursuant to R.C.Chapter 2950. On April 24, 1997, Appellant filed a "Motion to Dismiss Sexual Predator Determination Hearing" alleging, inter alia, the sexual offender classification statute was an unconstitutional retroactive law. On May 5, 1997, Appellee, State of Ohio, filed a "Memorandum in Opposition to Motion to Dismiss Sexual Predator Determination Hearing." On May 20, 1997, the trial court filed a Judgment Entry declaring the Sexual Predator statute unconstitutional as applied to Appellant. Appellee then appealed from the May 20, 1997, decision. On October 16, 1997, this Court affirmed the trial court's decision on the authority of State v.Cook (August 1, 1997), Allen App. No. 1-97-21, unreported, 1997 WL 452014, overruled by State v. Cook (1998), 83 Ohio St.3d 404,414-23.
On June 22, 1999, the Seneca County Court of Common Pleas reinitiated sexual predator classification proceedings against Appellant. A sexual predator hearing was scheduled for and held on September 30, 1999. Following the hearing, the trial court adjudged Appellant a sexual predator pursuant to Chapter 2950 of the Revised Code. Appellant now appeals that judgment and prosecutes one assignment of error:
 The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that the appellant is likely to engage in the future in one or more sexually oriented offenses.
 Before we address the merits of Appellant's assignment of error, we must first address an obvious issue raised during our consideration of the record herein. Sexual offender classification proceedings were first commenced against Appellant on April 23, 1997. On April 24, 1997, Appellant filed a "Motion to Dismiss Sexual Predator Determination Hearing" and on May 20, 1997, the trial court filed a Judgment Entry declaring the Sexual Predator statute unconstitutional as applied to Appellant. Appellee, State of Ohio, timely appealed the trial court's order granting Appellant's motion to dismiss. On October 16, 1997, this Court affirmed the decision of the trial court on the authority of this Court's decision in State v. Cook (August 1, 1997), Allen App. No. 1-97-21, unreported, 1997 WL 452014, wherein we held that the sexual offender classification statute violated Ohio's Constitutional prohibition against retroactive laws. Appellee did not attempt to appeal our decision. Subsequently, the Ohio Supreme Court reversed this Court's Cook decision, based in part on the rationale that sexual offender classification proceedings are essentially nonpunitive and civil in nature. See State v. Cook
(1998), 83 Ohio St.3d 404, 414-23.
On June 22, 1999, after the Supreme Court reversed our decision in Cook, the Seneca County Court of Common Pleas entered a new order requiring that a new sexual predator hearing was to be held on September 30, 1999. Following the hearing, the trial court adjudged Appellant a sexual predator pursuant to Chapter 2950 of the Revised Code.
Because the Supreme Court has treated sexual offender classification as a civil proceeding, see, id., the issue raised is whether sexual predator proceedings can be reinitiated against this Appellant after the trial court entered a valid judgment entry declaring the sexual predator statute unconstitutional as applied to this Appellant. We think the doctrine of res judicata
is dispositive of this issue.
Res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 382, citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See id. at 382. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogersv. City of Whitehall (1986), 25 Ohio St.3d 67, 69. Moreover, in the context of post-conviction relief, this Court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a resjudicata bar to a subsequent attempt to litigate issues that couldhave been raised on a direct appeal. See, e.g., State v. Harmon
(1995), 103 Ohio App.3d 595, 598.
In this case, it is clear that application of Ohio's sexual predator statute to Appellant in an effort to determine Appellant's sexual offender status is an issue that was litigated by the parties. In fact, the issue of the constitutionality of the statute was vigorously litigated before the trial court and appealed by the State to this Court, however, the State elected not to appeal our decision to the Ohio Supreme Court. We anticipate that the State would advance several arguments to assert that its failure to appeal our October 16, 1997 decision affirming the trial court is not res judicata. As we concluded in the recent case of State v. Dick, (March 31, 2000), Seneca App. 13-99-51, unreported, we would find these arguments to be without merit.[1]
 Res judicata bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, whether or not that particular claim was litigated, so long as there has been a valid, final judgment rendered upon the merits. See, Grava v. Parkman Twp., (1995), 73 Ohio St.3d 379, syllabus, 382. In Cero Realty Corp. v.American Mfrs. Mut. Ins. Co. (1960), 171 Ohio St. 82, paragraph two of the syllabus, the Supreme Court held:
 Where the word, `merits,' is used in speaking of the determination of an action upon the merits, it embraces the consideration of substance, not of form; of legal rights, not mere defects of procedure or practice or the technicalities thereof.
 The constitutionality of a statute is without question a "consideration of substance," rather than procedure. Id.; cf. Ameigh v. Baycliffs Corp. (1998), 81 Ohio St.3d 247, 250.
The fact that the trial court's original decision and our affirmance thereof was based on an ultimately incorrect statement of the law is of no consequence, as the Supreme Court has held that "there is no exception in the doctrine of res judicata for merely erroneous judgments." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106,110.
 The reason for this rule is that the doctrine of res judicata would be abrogated if every decision could be relitigated on the ground that it is erroneous, and there would be no stability of decision, or no end to litigation. * * * * The principle that an erroneous but existing and final judgment is [res] judicata has been adhered to in the face of subsequent changes of law by higher courts in other actions, both in Ohio and elsewhere.
 Id.
We pause to comment that when the trial court reinitiated the sexual predator classification proceedings (see June 22, 1999 Journal Entry), nothing had occurred in this case that explicitly changed, vacated or otherwise altered the trial court's original decision, affirmed by this Court, that the sexual predator statute as applied to Appellant was unconstitutional (see, May 20, 1997 Judgment Entry).[2] That is, nothing in the record indicates that the trial court and parties to the action were no longer bound by the May 20, 1997 Judgment Entry. We are aware of no principle in Ohio's jurisprudence that would allow a trial court to sua sponte revisit an issue that was previously decided by that trial court and affirmed by a court of appeals. Again, that precedent relied upon in the original decision has been overruled or somehow changed is not alone sufficient to allow a trial court to sua sponte revisit the issue and then proceed contrary to the original order.
For the foregoing reasons, and the reasoning stated in State v.Dick, (March 31, 2000), Seneca App. 13-99-51, unreported, we hold that the trial court's May 20, 1997 order was a valid, final judgment on the merits of defendant's sexual offender status under R.C. Chapter 2950. We therefore conclude that the sexual offender classification proceedings commenced on June 22, 1999 were barred by the doctrine of res judicata. Cf. Grava, 73 Ohio St.3d 379 at the syllabus. Defendant's assignment of error is overruled as moot pursuant to App.R. 12(A)(1)(c), and the judgment of the Seneca County Court of Common Pleas is reversed and remanded with instructions to vacate its September 30, 1999 judgment and to dismiss the instant case.
Judgment reversed and cause remanded.
 ______________________________ BRYANT, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.
[1] We note that on February 17, 2000, Supplemental Briefsregarding this precise issue were ordered in State v. Dick andwere filed by both parties on March 2, 2000. We anticipate thesame arguments would be advanced in the present case.
[2] In its June 22, 1997 Judgment Entry, the trial court statedthat the matter had been "remanded by the judgment of the SupremeCourt of the State of Ohio" We discern from this language thatthe trial court considered the Supreme Court ruling in Cook to bean implicit remand of those cases where the sexual predatorstatute had originally been determined unconstitutional andtherefore inapplicable to the respective defendants. We are awareof no principle of law that allows for the implicit remand of acase not appealed to the Supreme Court simply on the basis that asimilar yet unrelated case has been decided to the contrary.