OPINION
Defendant-appellant Rusty A. Zimmerman ("Zimmerman") brings this appeal from the judgment of the Court of Common Pleas of Seneca County.
On April 18, 1996, Zimmerman was indicted on one count of sexual battery and one count of gross sexual imposition. Zimmerman entered a plea of guilty to both charges on December 23, 1996, and was sentenced to two years in prison on each count, to be served consecutively. On November 18, 1997, the trial court dismissed the State's motion to find Zimmerman a sexual offender. No appeal was taken from this dismissal. On May 30, 2000, the trial court sua sponte vacated its prior entry and held a sexual predator hearing. The trial court found Zimmerman to have been convicted of a sexually oriented offense.
Zimmerman raises the following assignments of error.
 Collateral estoppel and res judicata prevented the trial court from re-hearing the appellant's case where the trial court initially found [R.C. 2950.01 et seq.] inapplicable to the appellant and where no notice of appeal or other challenge was levied by the State against such original finding.
 [R.C. 2950] violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.
 [R.C. 2950] violates Section I, Article I of the Ohio Constitution as an unreasonable exercise of police power.
 [R.C. 2950] violates the due process clause of the Fourteenth Amendment to the United States constitution and Section 16, Article I of the Ohio Constitution as the law is vague and does not provide any guidance as to how the factors in [R.C. 2950(B)(2) (sic)] are to be considered and weighed.
 The sexual predator registration and notification provision of [R.C. 2950] violates the protection against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution.
 The sexual predator registration and notification provisions of [R.C. 2950] are overbroad, result in unwarranted publicity and unwarranted interference with the right to privacy as protected by the Ninth and Fourteenth Amendments to the United States Constitution and Section I, Article I of the Ohio Constitution.
In the first assignment of error, Zimmerman claims that the trial court could not find his offense to be a sexually oriented offense after dismissing the proceedings previously. Zimmerman argues that since the State did not appeal the dismissal, the trial court is barred by the doctrine of res judicata from later changing the holding. This court has addressed this issue previously in State v. Dick (Mar. 31, 2000), Seneca App. No. 13-99-51, unreported. In Dick, we held that a dismissal of a sexual offense hearing is a final appealable order, which the State could have appealed. The State's failure to appeal the decision concludes the matter. "The fact that the trial court's decision was based on what was ultimately determined to be an incorrect statement of the law is of no consequence, as the Supreme Court has held that "there is no exception in the doctrine of res judicata for merely erroneous judgments." Id.
(quoting LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 110). Thus, the doctrine of res judicata bars the later reversal of the judgment. Zimmerman's first assignment of error is sustained.
Since the trial court's judgment of May 30, 2000, was barred by the doctrine of res judicata, the other assignments of error are rendered moot. The judgment of the Court of Common Pleas of Seneca County is reversed and remanded with instructions to vacate its May 30, 2000, judgment.
 ______________________ BRYANT, J.
HADLEY, P.J., and WALTERS, J., concur.