**Glenn S. HOREN, et al., Appellants.**

v.

**BOARD OF EDUCATION OF the CITY OF TOLEDO PUBLIC SCHOOLS, Appellee.**

No. 3:13CV156.

United States District Court, N.D. Ohio, Western Division.

June 19, 2013.

Glenn S. Horen, Toledo, OH, pro se.

Joanne E. Horen, Toledo, OH, pro se.

Amy M. Natyshak, Jill K. Bigler, Marshall & Melhorn, Toledo, OH, for Appellee.

## ORDER

JAMES G. CARR, Senior District Judge.

This is one in a series of suits brought on behalf of a severely handicapped child. The appellants are the child's parents, Joanne and Glenn Horen.

Pending is a motion by the defendant Board of Education of the City of Toledo Public Schools (TPS) for judgment on the pleadings. (Doc. 6). For the reasons that follow, I grant the motion.

### Discussion

In this suit the parents appeal, pursuant to the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, decisions by the Impartial Hearing Officer (IHO) (Doc. 1–3) and State Level Review Officer (SLRO) (Doc. 1–4). Those decisions dismissed an administrative due process complaint, which bears administrative number SE2724–2012 (2724–2012). In that complaint, the parents alleged that during the 2009 school year, TPS denied their child her right to the free appropriate public education (FAPE) that the IDEA guarantees to disabled children.

The administrative complaint at issue here, 2724–2012, is the second involving TPS's alleged failure to provide the child with a FAPE during the 2009 school year.

The IHO dismissed the first administrative complaint, bearing number SE2383–2009 (2383–2009). (Doc. 1–1). The SLRO upheld that dismissal. (Doc. 1–2).

The parents appealed the dismissal of the 2382–2009 complaint to this court. I held that their appeal, filed on the ninety-first day after the SLRO's decision, was untimely. *Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, 2012 WL 3808902, *2 (N.D.Ohio). My basis for that decision was the fact that IDEA imposed a ninety-day limitations period for filing a federal district court appeal from a SLRO's decision. *Id.* (citing 20 U.S.C. § 1415(i)(2)(B)).

No appeal followed my decision, which thus became final when the time to appeal lapsed.

In the meantime, the parents, claiming to be entitled to do so under Ohio's Savings Statute, O.R.C. § 2305.19,[1] had filed the administrative complaint, 2724–2012, at issue here. They contend that the administrative dismissal of their original complaint, 2383–2008, had not been on the merits, thus was without prejudice, and therefore they could, within one year of the SLRO's dismissal, re-file their complaint about the 2009 school year.

Both the IHO and SLRO disagreed with that contention. (Docs. 1–3, 1–4). The parents now bring their appeal of the dismissal of 2724–2012.

While the parties argue about many issues, only one matters here: namely, the effect of my dismissal in *Horen, supra,* of the parents' appeal from the IHO's and SLRO's dismissal of the 2383–2009 complaint. That dismissal, as just noted, occurred because the parents filed their appeal here one day after the ninety-day limitations period had run.

█ A dismissal on the basis of a statute of limitations is a final judgment on the merits and stands as *res judicata* to issues raised, and issues that might have been raised, in the prior litigation. *E.g., Mitchell v. Chapman,* 343 F.3d 811, 820 (6th Cir.2003) ("[A] dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion [*i.e.,* res judicata] purposes"); *Risner v. Haines,* 2009 WL 4280734, *1 (N.D.Ohio) ("A dismissal predicated on a statute of limitations operates as a judgment on the merits for res judicata purposes.").

The law in Ohio is to the same effect. As the Ohio Supreme Court, construing the application of Ohio's Savings Statute in *La Barbera v. Batsch,* 10 Ohio St.2d 106, 114, 227 N.E.2d 55 (1967), stated:

> Where it is properly established that in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant on the ground that the statute of limitations had expired prior to its commencement, such judgment, *whether or [n]ot erroneous is on the merits,* and is res judicata, and the plaintiff is not entitled to recommence his action under Section 2305.19, Revised Code,

(Emphasis supplied).

█ I undeniably and unequivocally based my decision in *Horen, supra,* on the appellants' failure to file their appeal within the limitations period. That being so, my decision was, in light of the above-cited federal and Ohio case law, on the merits. That, in turn, also being so, plaintiffs cannot maintain the instant appeal.

Because the doctrine of *res judicata* bars the parents' appeal here, I need not address the myriad other issues that the parties dispute.

It is, therefore,

ORDERED THAT defendant's motion for judgment on the pleadings (Doc. 6) be, and the same hereby is granted, with prejudice.

So ordered.

**1.** The statute provides in pertinent part, "In any action that is commenced or attempted to be commenced, ... if the plaintiff fails otherwise than upon the merits, the plaintiff ... may commence a new action within one year after the date of ... the plaintiff's failure otherwise than upon the merits[.]"