DECISION.
{¶ 1} Plaintiff-appellant, Edward Lachman, appeals the trial court's grant of summary judgment for defendants-appellees, Bill Wietmarschen and C. Eric Crowe. The trial court held that previous litigation by Lachman against Wietmarschen and Crowe in federal district court barred Lachman from attempting to relitigate his claim in a different court. We affirm.
{¶ 2} The underlying dispute in Lachman's claim involved the arrest of Lachman's son, Max, by Wietmarschen and Crowe, who are adult probation officers of the Hamilton County Court of Common Pleas. In November 1997, Common Pleas Court Judge Nadel issued an arrest warrant for Max Lachman, due to Lachman's probation violations, and Wietmarschen and Crowe arrested Max Lachman at his father's home.
{¶ 3} In 1999, Max and Edward Lachman sued Wietmarschen and Crowe in the United States District Court for the Southern District of Ohio under federal and state law, alleging false arrest, use of excessive force causing bodily injury, and intentional infliction of emotional distress. In January 2001, the district judge dismissed the Lachmans' complaint, finding that the two-year statute of limitations had run and that the complaint was time-barred.
{¶ 4} In November 2001, Edward Lachman sued Weitmarschen and Crowe in Hamilton County Municipal Court, for trespass. The municipal judge assigned the case to a magistrate for trial and for a report on all issues of law and fact. The magistrate held a hearing and decided that the complaint had been previously litigated in federal district court, meaning that Lachman was barred from attempting to relitigate his claim in the municipal court. The judge adopted the magistrate's recommendations and granted Wietmarschen's and Crowe's motion for summary judgment. Lachman now raises 12 assignments of error.
{¶ 5} In his first assignment of error, Lachman claims that the trial court erred by allowing a hearing on the motion for summary judgment when it was not properly filed according to Civ.R. 56(B). Civ.R. 56(B) provides, "If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."
{¶ 6} The record reflects that Wietmarschen and Crowe did not seek leave of court prior to filing their motion for summary judgment, even though a trial date had already been set. But a court may, in its sound discretion, consider a motion for summary judgment that has been filed, without express leave of the court, after the action has been set for trial.[1] Furthermore, where the acceptance of a motion occurs by the grace of the court, the decision to accept is itself "by leave of court."[2] Therefore, though Wietmarschen and Crowe did not make a formal request for leave of court, the fact that the court acknowledged their motion and set a hearing date shows that retroactive leave to file was granted.
{¶ 7} We cannot reverse the trial court's decision to accept the motion without a showing of an abuse of discretion.[3] An abuse of discretion occurs if the trial court's decision is unreasonable, arbitrary, or unconscionable.[4] A decision is unreasonable if it is unsupported by a sound reasoning process.[5] We conclude that the trial court's acceptance of the motion was not unreasonable. Accordingly, Lachman's first assignment of error is overruled.
{¶ 8} In his second through seventh assignments of error, Lachman argues that the trial court erred by not granting his motion to strike Wietmarschen's and Crowe's summary-judgment motion, both because it was a "sham" and because of the procedural error we have already discussed. Lachman asserts that the trial court also erred by not striking all four legal arguments made by Wietmarschen and Crowe in their motion, because the arguments were all based on fraudulent premises.
{¶ 9} Civ.R. 12(F) provides that a court may strike any "insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." Whether to grant or deny a motion to strike rests in the sound discretion of the trial court, and the court's decision will be disturbed on appeal only for an abuse of discretion.[6]
{¶ 10} The trial court determined that, at the least, the motion and arguments for summary judgment were worth considering. Given that the trial court eventually granted the motion for summary judgment, we conclude that it was not unreasonable to consider the issues raised by the motion and to decide not to strike Wietmarschen's and Crowe's motion and arguments for the summary judgment. It was within the trial court's discretion to determine whether the motion and arguments were insufficient, redundant, or immaterial, and the trial court did not abuse its discretion. Therefore, we overrule assignments two through seven.
{¶ 11} In assignments eight, nine, and twelve, Lachman argues that the trial court did not properly consider all the factual issues presented by Lachman in his affidavits. In other words, Lachman argues that res judicata should not have applied, and that the grant of summary judgment was improper.
{¶ 12} We review the grant of summary judgment de novo.[7]
Wietmarschen and Crowe were entitled to prevail under Civ.R. 56(C) only if (1) there was no genuine issue of material fact; (2) they were entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of the party opposing the motion, and that conclusion was adverse to the party opposing the motion.[8]
{¶ 13} Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.[9] For two suits to be based on the same transaction, they must have a "common nucleus of operative facts."[10]
The doctrine applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.[11] It has long been recognized that the doctrine of res judicata applies in a proper case as between federal court and state court judgments.[12]
{¶ 14} Lachman brought suit in federal court based on the events surrounding the arrest of his son, Max, at Lachman's home in November 1997. Lachman's suit in state court, while asserting a different cause of action, nonetheless also concerned the arrest of his son by Wietmarschen and Crowe in November 1997. Therefore, both the federal and state suits derived from the same nucleus of operative facts. And, under res judicata, any claims that were or could have been asserted in the earlier proceeding were barred.[13]
{¶ 15} Lachman's federal suit was dismissed because the statute of limitations had run. The Ohio Supreme Court has held that "a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause."[14] This is consistent with the policy basis of res judicata, which is to assure the finality of judicial decisions.[15] Therefore, the trial court properly held that res judicata applied.
{¶ 16} Given that there were no genuine issues of material fact, and that the trial court could have clearly concluded that Wietmarschen and Crowe were entitled to judgment as a matter of law, the grant of summary judgment was appropriate. Therefore, we overrule errors eight, nine, and twelve.
{¶ 17} In Lachman's tenth and eleventh assignments of error, he claims that the trial court erred by adopting the magistrate's recommendations. Lachman claims that the trial court did not consider his objections to the magistrate's report, as evidenced first by the fact that the trial court did not rule in his favor, and second by the trial court's lack of a detailed statement supporting its decision. Both of these arguments lack merit. As we have already noted, the magistrate's decision was clearly supported by the law. Therefore, it was not error for the trial court to adopt the magistrate's decision. Also, there is no requirement that the trial court repeat the findings made by the magistrate, but it is sufficient that the trial court simply order that the magistrate's decision be adopted. Accordingly, Lachman's tenth and eleventh assignments of error are overruled.
Judgment affirmed.
Hildebrandt and Winkler, JJ., concur.
[1] See WW Roofing and Siding, Inc. v. H.P. Group, L.L.C., 3rd Dist. No. 5-2001-11, 2001-Ohio-2248.
[2] See Juergens v. Strang, Klubnik and Assocs. (1994),96 Ohio App.3d 223, 234, 644 N.E.2d 1066.
[3] See id. WW Roofing and Siding, Inc. v. H.P. Group, L.L.C., 3rd Dist. No. 5-2001-11, 2001-Ohio-2248.
[4] See Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph two of the syllabus.
[5] See AAAA Enterprises Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597; Statev. Echols (1998), 128 Ohio App.3d 677, 699-700, 716 N.E.2d 728.
[6] See Riley v. Langer (1994), 95 Ohio App.3d 151, 157,642 N.E.2d 1.
[7] See Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[8] See Grafton v. Ohio Edison Company, 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[9] See Grava v. Parkman Township, 73 Ohio St.3d 379, 382,1995-Ohio-331, 653 N.E.2d 226.
[10] Id.
[11] Id. at 383.
[12] See Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69,494 N.E.2d 1387.
[13] See Grava v. Parkman Township, 73 Ohio St.3d 379, 383,1995-Ohio-331, 653 N.E.2d 226.
[14] LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 114,227 N.E.2d 55.
[15] Id.